HAY & FORAGE INDUSTRIES, et al., Plaintiffs,

v.

NEW HOLLAND NORTH AMERICA, INC., Defendant.

No. 97–2150–JWL.

United States District Court, D. Kansas.

Sept. 18, 1998.

Thomas H. Van Hoozer, Warren N. Williams, John M. Collins, Stephen D. Timmons, Andrew G. Colombo, Hovey, Williams, Timmons & Collins, Kansas City, MO, for Plaintiffs.

Jack T. Bangert, Sherman, Taff & Bangert, P.C., Leawood, KS, Devon A. Rolf, Shook, Hardy & Bacon L.L.P., Kansas City, MO, Mark D. Katz, Sherman, Taff & Bangert, P.C., Kansas City, MO, Thomas J. Macpeak, Robert V. Sloan, Mark Boland, Steven M. Gruskin, Sughrue, Mion, Zinn, Macpeak & Seas, PLLC, Washington, DC, for Defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiffs allege that certain hay harvesting machines sold in the United States by defendant New Holland North America, Inc. ("New Holland") infringe upon U.S. Patent No. 5,272,859 (" '859 patent"), which is owned by plaintiff Hay and Forage Industries ("HFI"). The court held a *Markman* hearing on the matter on June 1, 1998, and subsequently issued an order construing certain disputed claims of the '859 patent. *See Hay & Forage Indus. v. New Holland North America, Inc.,* 25 F.Supp.2d 1170 (D.Kan.

1998). The parties filed summary judgment motions and cross motions, and the court denied summary judgment as to four of the motions, *see Hay & Forage Indus. v. New Holland North America, Inc.,* 25 F.Supp.2d 1180 (D.Kan.1998), while retaining four other motions under advisement. *Id.* The matter is presently before the court on the remaining four motions. For the reasons set forth below, the plaintiffs' motion for partial summary judgment of infringement of claims 1, 2, 8, and 9 (Doc. 125) is granted. Defendant's cross motion for partial summary judgment of noninfringement on these claims (Doc. 140) is denied. The parties' cross motions for partial summary judgment relating to defendant's claims that the "Niemeyer machines" invalidate the '859 patent (Docs. 129, 141) are denied.

### I. Background

The following facts are undisputed. Both the plaintiffs and New Holland manufacture and sell in the United States hay harvesting machines known as mechanical drive, center pivot mower conditioners. Plaintiffs began selling their machines in 1992. New Holland entered the market in the fall of 1996. The plaintiffs' machine is manufactured and sold pursuant to the '859 patent.

This case involves a new feature the '859 patent added to the prior art of hay harvesting machines. This new feature was a "steering structure" interposed between the directional pulling mechanism (called the "tongue") and the cutting-power transfer mechanism (called the "junction box" or "gearbox") to transmit the swinging motion of the tongue to the junction box. Also relevant to the parties' dispute is a feature of the junction box disclosed in the '859 patent that allows for pivotal movement about an upright axis that is spaced horizontally from the axis upon which the mobile frame of the machine pivots about the tongue.

Claim 1 of the '859 patent is as follows:

[We claim,] [i]n a pull-type crop harvesting machine, the improvement comprising:

 a mobile frame;

a pull-tongue pivotally coupled with the frame for horizontal adjusting movement about a first upright axis between a number of angular positions relative to the path of travel of the machine for varying the lateral position of the machine relative to a towing vehicle;

a harvesting header supported by the frame in a position for performing harvesting operations on a crop as the machine is towed across a field,

said header having driveable operating components associated therewith;

a mechanical drive line extending along and rotatably supported by the tongue for supplying driving power to said operating components in said angular positions of the tongue;

a junction box on the header having an input shaft and an output shaft rotatably supported by the box and operably intercoupled in fixed angular relation to one another within the box,

said input shaft being operably connected with said drive line for receiving driving power therefrom and said output shaft being operably connected to said operating components for driving the same,

*said box being pivotally mounted on the header for swinging movement about a second upright axis spaced horizontally from the first axis; and*

*steering structure connected between the junction box and the tongue for causing the junction box to swing responsively when the latter is pivoted about said first axis between its various angular positions.*

(emphasis added).

In the prior *Markman* proceeding, the court construed the steering structure clause of claim 1 and the entirety of claim 10. *See Hay & Forage Indus.,* 25 F.Supp.2d at 1176, 1178–80. The court's construction of claim 10 is not relevant to the pending motions. The court construed the "steering structure" clause of claim 1 to mean "a steering structure separate from the drive line that operatively interacts with the tongue at one end and operatively interacts with the junction

box at the other end and that transmits the swinging motion of the tongue to the junction box during swinging of the tongue." *Id.* at 1176.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Transmatic, Inc. v. Gulton Indus.,* 53 F.3d 1270, 1274 (Fed.Cir.1995). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Continental Plastic Containers v. Owens Brockway Plastic Prods., Inc.,* 141 F.3d 1073, 1076 (Fed.Cir.1998). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler,* 144 F.3d at 670 (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505); *Continental Plastic Containers,* 141 F.3d at 1076.

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Adler,* 144 F.3d at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that

there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *see Adler,* 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The non-moving party may not simply rest upon its pleadings to satisfy its burden. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler,* 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

 A party challenging a patent's validity has the burden to show invalidity by clear and convincing evidence. *National Presto Indus. v. West Bend Co.,* 76 F.3d 1185, 1189 (Fed.Cir.1996). In deciding a motion for summary judgment on patent validity issues, the court must also consider this heightened standard. *Id.* (citing *Anderson,* 477 U.S. at 254, 106 S.Ct. 2505). Thus, if the court concludes that the patent challenger could not meet its burden of proving invalidity by clear and convincing evidence, summary judgment in favor of the patentee is appropriate. *National Presto,* 76 F.3d at 1189.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1); *see also Warner Jenkinson Co. v. Hilton Davis Chemical Co.,* 520 U.S. 17, 117 S.Ct. 1040, 1053 n. 8, 137 L.Ed.2d 146 (1997) ("Where the evidence is such that no reasonable jury could determine two elements to be equivalent [under patent law's 'doctrine of equivalents'], district courts are obliged to grant partial or complete summary judgment [of non-infringement].")..

---

1. Plaintiffs also assert, without analysis, that the combination of the 1570 machine with other prior art does not render the '859 patent obvious pursuant to 35 U.S.C. § 103. This mere assertion is insufficient, standing alone, to warrant summary judgment.

## III. Cross motions for Partial Summary Judgment of Invalidity or No Invalidity Based on Niemeyer Machines

Defendant contends that independent claim 1 and dependent claims 2, 8, and 9 of the '859 patent are invalid because they were anticipated by a hay harvesting machine manufactured by H. Niemeyer Sohne GmbH & Co. KG, a German concern. Specifically, defendant contends that the Niemeyer RO 301–GK machine, serial number 1570 ("1570 machine"), anticipates claim 1 of the '859 patent and the claims dependent thereon. Plaintiffs seek summary judgment, arguing that the 1570 machine is not anticipatory.[1]

 A patent is invalid because of anticipation when the patent challenger can show by clear and convincing evidence that "the invention was . . . in public use or on sale in this country, more than one year prior to the date of the application for patent . . . ." 35 U.S.C. § 102(b); *Electro Med. Sys. S.A. v. Cooper Life Sciences,* 34 F.3d 1048, 1052 (Fed.Cir.1994). Anticipation requires the presence of each and every element of a claimed invention within a single prior art disclosure. *Electro Med. Sys.,* 34 F.3d at 1052. Anticipation is a question of fact. *Id.*

 The court denies summary judgment for plaintiffs because it believes a reasonable fact finder could conclude that there is clear and convincing evidence that the 1570 machine discloses each and every element of claim 1. Plaintiffs contend that the 1570 machine lacks (1) a steering structure "separate from the drive line" as claim 1 has been construed by the court, (2) a junction box "mounted on the header" as required by claim 1, and (3) a gearbox axis "spaced horizontally" from the tongue pivot axis as required by claim 1.[2] Defendant's expert witness, Mr. Willis R. Campbell, testified that the 1570 machine, as it exists today, has each of these elements. The designer of the 1570 machine, Mr. Josef Ungruh, generally cor-

---

2. Plaintiffs concede that the 1570 machine was on sale in the United States prior to April 14, 1991, one year prior to the application date of the '859 patent.

roborated that the 1570 machine was designed to have these elements and would have had them prior to April 14, 1991. The owner's manuals describing the construction of the 1570 machine also corroborate Mr. Campbell's testimony.

Although plaintiffs contend that defendant's evidence is insufficient to withstand defendant's heavy burden to produce clear and convincing evidence, the court disagrees. The court believes this case is indistinguishable from *Beachcombers v. WildeWood Creative Prods., Inc.,* 31 F.3d 1154, 1159–60 (Fed. Cir.1994). In that case, the Federal Circuit held that an entry in a date book concerning a party at which a purported inventor assertedly demonstrated her invention to others, coupled with physical production of the invention at trial and oral testimony of friends who attended the party, was sufficient corroborating evidence of prior public use to support a jury verdict of invalidity. *Id.* Akin to the challenger in *Beachcombers,* the defendant here has produced the allegedly anticipatory machine, written evidence of its prior construction, and oral testimony concerning its prior construction. Summary judgment for plaintiffs is denied.

Summary judgment for defendant is also denied. Defendant has not met its burden to show there is an absence of a genuine issue of material fact. *See Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). A reasonable fact finder, for example, could simply fail to be persuaded by clear and convincing evidence that the 1570 machine anticipates the '859 patent. *See Price v. Symsek,* 988 F.2d 1187, 1191 (Fed.Cir. 1993) (clear and convincing evidence is evidence that creates an abiding conviction in the fact finder's mind that the truth of a factual contention is highly probable). A reasonable fact finder could also conclude that the 1570 machine had a different configuration prior to the critical date of April 14, 1991 than it does now because normal wear and tear could have been the only reason the junction box and tongue pivot axes are now allegedly "spaced horizontally." [3]

Although summary judgment is denied both as to plaintiffs and as to the defendant, the court recognizes that the parties are hotly contesting the "spaced horizontally" limitation in claim 1. Plaintiffs contend in the pretrial order that spaced horizontally means that "the tongue pivot axis on the frame and the gearbox pivot axis on the header are intentionally separated by a significant distance as a part of the affirmative design of the machine to serve a positive function of the machine." Plaintiffs contend that spaced horizontally does not refer to "unintended, trivial offsetting of the tongue and gearbox axes resulting from manufacturing constraints, manner of assembly, long usage of the machine, etc." (Doc. 178, at 4). Defendant contends in the pretrial order that spaced horizontally means "that the two axes are generally upright and not in vertical alignment, so that there is some spacing between them" (Doc. 178, at 13). Trial is less than two weeks away. Accordingly, the court will resolve this claim construction dispute as a matter of law in connection with the trial pursuant to the principles of *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed.Cir.1995), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996).[4]

## IV. Cross motions for Partial Summary Judgment of Infringement or Noninfringement of Claims 1, 2, 8, and 9.

Defendant concedes that its machine literally infringes independent claim 1 and dependent claims 2, 8, and 9 under the court's construction of the "steering structure"

---

3. The court is sensitive to the defendant's request that the court simplify the issues for trial by determining individually whether genuine issues of fact preclude findings that the 1570 machine has a separate steering structure, a header, and horizontally spaced axes. The court is unwilling, however, to undertake such analysis at this time. A more detailed explanation of the court's reasoning on these issues is not necessary to resolve the defendant's motion for partial summary judgment of invalidity. Moreover, the court believes it can better analyze these issues after it has had the ability to see the 1570 machine first hand, consider the expert testimony pertinent thereto, and consider the parties' oral arguments at trial.

4. Unless the parties object and convince the court otherwise, the court contemplates resolving this dispute in its post-trial findings of fact and conclusions of law.

clause and all other limitations of those claims other than the "spaced horizontally" limitation of claim 1. Defendant argues that, as defendant interprets plaintiffs' construction of the "spaced horizontally" clause, defendant's machine does not infringe that clause. The court disagrees.

The court grants summary judgment for plaintiffs and denies it for defendant because it believes no reasonable fact finder could conclude that the defendant's accused machine does not literally infringe claims 1, 2, 8, and 9 of the '859 patent. Defendant's machine unquestionably has a tongue pivot axis and a junction box axis that are spaced horizontally.

The court rejects the construction of "spaced horizontally" that the defendant seeks to force upon the plaintiffs. In the plaintiffs' opening brief on summary judgment on the Niemeyer issues, they argued that the 1570 machine did not anticipate the challenged claims because the alleged tongue pivot axis and the alleged junction box axis "intersect" and thus cannot be spaced horizontally. Defendant seizes upon this argument, and contends that the axes on its accused machine, the New Holland 1431 Mower Conditioner, also intersect—at least as those axes are projected onto a two dimensional plane. Therefore, the defendant argues, its accused machine does not have horizontally spaced axes and does not infringe the '859 patent.

Defendant's argument is without merit. The substance of the plaintiffs' argument was that the axes on the 1570 machine "intersect" *within the confines of the gearbox.* Defendant's machine has axes that intersect, if at all, at some far-off, indeterminate point in space. Even had the plaintiffs argued for a construction of "spaced horizontally" that encompasses the concept of intersection in this manner, the court would have rejected it because there is simply no support for such a construction in the claims, specification, or prosecution history of the patent. *See Hay & Forage Indus.,* 25 F.Supp.2d at 1173–74.

The court wishes again to emphasize that it has not yet construed the term spaced horizontally as a matter of law. The court grants summary judgment because, as a matter of law, it has ruled out any construction that would encompass the concept of axis intersection as argued by the defendant.

IT IS THEREFORE ORDERED BY THE COURT THAT the cross motions for partial summary judgment of invalidity or no invalidity based on Niemeyer (Docs.129, 141) are denied.

IT IS FURTHER ORDERED THAT plaintiffs' motion for partial summary judgment of infringement of claims 1, 2, 8, and 9 of the '859 patent (Doc. 125) is granted.

IT IS FURTHER ORDERED THAT defendant's motion for partial summary judgment of no infringement of claims 1, 2, 8, and 9 of the '859 patent (Doc. 140) is denied.

Trial of this matter will commence on the issues set forth in the pretrial order (doc. 178), including defendant's invalidity defenses and counterclaims and plaintiffs' claims of infringement of claims 10 and 11 under the doctrine of equivalents.

IT IS SO ORDERED.